IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KENNETH MODICA                                                           PLAINTIFF

VS.                                    CASE NO. 05-CV-1087

PAPER ALLIED INDUSTRIAL, CHEMICAL
& ENERGY WORKERS INTERNATIONAL
UNION AFL-CIO, an international labor
organization and various JOHN DOES, agents
employees, and/or officers of the Union                                  DEFENDANTS

# ORDER

Before the Court is a Motion to Dismiss filed on behalf of Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW"). (Doc. No. 11). The Plaintiff has responded. (Doc. No. 16). USW has filed a reply to Plaintiff's response. (Doc. No. 17). The matter is ripe for consideration.

On September 26, 2005, Plaintiff filed this action against his union, the Paper, Allied-Industrial, Chemical and Energy Workers International Union, AFL-CIO ("PACE")[1]. In his Complaint Plaintiff alleged that the union breached its fiduciary duty and its duty of fair representation when it failed to adequately represent him in his grievance against his former employer, El Dorado Chemical Company. Plaintiff brought this action pursuant to Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. §185.

---

[1] PACE has merged with the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW"), therefore, USW has responded to Plaintiff's complaint by filing this Motion to Dismiss.

In an attempt to serve the Defendant, Plaintiff sent by U.S. Certified Mail the Complaint and Summons to the Secretary of State for the State of Arkansas on March 21, 2006.[2] On the same day, Plaintiff also sent the Complaint and Summons by certified mail to the Secretary of the USW in Pittsburgh, Pennsylvania, the President of the Arkansas AFL-CIO and the Local Representative of PACE. USW now alleges that Plaintiff has failed to properly service the USW and asks the Court to dismiss Plaintiff's Complaint against it. Plaintiff has responded by stating that he has properly served the USW pursuant to Fed.R.Civ.P. 4(e)(1).

In this case, Plaintiff has attempted to service the USW by mailing copies of the Complaint and Summons by U.S. Certified Mail. Plaintiff contends this is proper under Fed.R.Civ.P. 4(h)(1), Fed.R.Civ.P 4(e)(1), Ark. Code Ann. § 4-28-214 (b)(1) and §4-33-504(b). It is true that Fed.R.Civ.P. 4(h)(1) permits service upon an unincorporated association in the same manner as prescribed for individuals under Fed.R.Civ.P. 4(e)(1), and that Rule 4(e)(1) permits service of process if it is performed in accordance with the laws of the State where the federal cause of action is brought. However, neither of the Arkansas statutes, Ark. Code Ann. §4-28-214(b)(1) and Ark. Code Ann. §4-33-504(b), which Plaintiff bases his service on is applicable to the USW. Both Ark. Code Ann. §4-28-214(b)(1) and Ark. Code Ann. §4-33-504(b) govern service on non-profit corporations when the corporation has failed to appoint a registered agent in the state. Ark. Code Ann. §4-28-214(b)(1) allows service by serving the Secretary of State and Ark. Code Ann. §4-33-504(b) allows service by registered or certified mail addressed to the secretary of the non-profit corporation. However, the USW is a labor organization within the meaning of Section 310 of the Labor-Management Relations Act of

---

[2] The Secretary of State then forwarded these documents on to the Arkansas State AFL-CIO Building Corporation.

1947, 28 U.S.C. §185 and as such is an unincorporated association. It is not a non-profit corporation and service under either of these Arkansas statutes does not constitute proper service on it.

The Arkansas statute that could be applicable in this case is Ark. Code Ann. §4-28-513. It provides for service on a nonprofit association by personally serving an officer or agent of the association. However, it does not authorize service by certified mail as attempted by the Plaintiff in this case. Fed.R.Civ.P. 4(h)(1) and 28 U.S.C. §185(d) also provide for service on a labor organization or unincorporated association by serving an officer or agent of the organization or association. However, service on such an officer or agent must be personal service. It may not be effected by certified mail as Plaintiff has attempted to do in this case.

Plaintiff has not properly served the USW in this case. Therefore, Defendant UAW's Motion to Dismiss should be and hereby is **granted.** Plaintiff's Complaint against the Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union is hereby dismissed.

IT IS SO ORDERED, this 29th day of August, 2006.

    /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge