IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KENNETH MODICA                                                                                      PLAINTIFF

vs.                                              Civil No. 1:05-cv-01087

PAPER, ALLIED-INDUSTRIAL
CHEMICAL AND ENERGY
WORKERS INTERNATIONAL
UNION                                                                                               DEFENDANT

### REPORT AND RECOMMENDATION
### OF A UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant's Motion for Summary Judgment. ECF No. 50. Defendant filed this Motion on April 6, 2010. *Id.* On May 7, 2010, Plaintiff responded to this Motion. ECF No. 57. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), on September 15, 2010, the Honorable Harry F. Barnes referred this Motion to this Court for the purpose of making a report and recommendation. ECF No. 70. This Motion is now ready for consideration, and, in accordance with the following reasoning, this Court recommends this Motion be **GRANTED.**

**1. Background**[1]

Plaintiff was employed with El Dorado Chemical Company ("Company") from April 14, 1994 through November 17, 2003. While Plaintiff was employed by the Company, the terms and conditions of his employment was governed by a collective bargaining agreement ("CBA") between the Company

---

[1] The "Background" is based upon the pleadings and documents submitted by the Parties. To the extent the parties dispute the information submitted, this Court will so note. As is required, this Court will construe the facts in a light most favorable to the nonmovant, Plaintiff. *See Fletcher v. Burlington N. and Santa Fe Ry. Co.,* 474 F.3d 1121, 1125 (8th Cir. 2007).

and Defendant. ECF No. 52 and 61, ¶¶ 1-2.

On October 17, 2003, Plaintiff injured his leg while at work for the Company. ECF No. 52 and 61, ¶ 3. On October 18, 2003, Plaintiff took pain medication prescribed for his bother Edward prior to reporting to work at the Company that day. ECF No. 52 and 61, ¶ 4. On October 18, 2003, at the request of Company representatives, Plaintiff went to the emergency room at the Medical Center of South Arkansas to have his leg examined. ECF No. 52 and 61, ¶ 6. While at the emergency room, Plaintiff was advised by Company representative Bill Lee ("Lee") that he would have to undergo a drug test if he saw the doctor at the emergency room. ECF No. 52 and 61, ¶ 7. Plaintiff told the Company representative he had taken pain medication prescribed for his brother prior to reporting to work on October 18, 2003. ECF No. 52 and 61, ¶ 8. Plaintiff did not take a drug test while at the emergency room. ECF No. 52 and 61, ¶ 9.

Under the Company's "Drug and Alcohol Policy" in effect on October 18, 2003: (1) an "illegal drug" was defined to include any prescribed drugs "legally obtained, but not being used for prescribed purposes"; (2) the use of "an illegal drug while performing Company business or while on Company premises" was "prohibited and will result in termination of employment"; (3) a drug test was required as a condition of employment and would be conducted following an accident or incident in which safety precautions were violated or careless acts were performed; and, (4) a refusal to consent to a drug test was considered "an admission of being impaired by or under the influence of drugs or alcohol" and a "refusal to cooperate" would result in "appropriate disciplinary action, up to and including termination." ECF No. 52 and 61, ¶¶ 10-13.

On November 17, 2003, Plaintiff was terminated from his job by the Company for alleged violation of the Company's Substance Abuse Policy by refusing medical treatment on October 18,

2003, to avoid being drug tested and by admitting to plant management he was illegally using someone else's prescription medication while at work at the plant. ECF No. 52 and 61, ¶ 15. Following his termination, a grievance was filed challenging Plaintiff's termination pursuant to the terms of the CBA.

On December 17, 2004 Plaintiff's termination grievance was arbitrated before Arbitrator Elvis C. Stephens. ECF No. 52 and 61, ¶ 18. The arbitration transcript consists of 194 pages and includes testimony from six witnesses. ECF No. 52-21 - 52-24. Following the arbitration, additional briefing was submitted to the Arbitrator from both the Defendant and the Company. ECF No. 52-25 - 52-27.

On March 31, 2005, Arbitrator Stephens issued his written decision upholding the Company's decision to terminate Plaintiff. Arbitrator Stephens concluded Plaintiff had admitted to at least four Company officials he had taken prescription drugs, not prescribed for him, on the job, in violation of the Company's Standard of Conduct and the Drug and Alcohol Policy. Arbitrator Stephens concluded the Drug and Alcohol policy provided for termination for the use of "illegal drugs" on the Company's premises or while at work. Arbitrator Stephens also concluded Plaintiff had refused to take the drug test on October 18, 2003 and he was rightfully discharged by the Company. ECF No. 52 and 61, ¶ 49.

**2. Applicable Law**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a federal court is authorized to grant summary judgment in a case. Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing that no genuine issue of material fact

exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on an issue where the non-movant bears the burden of proof at trial. *Id.* at 324. A mere scintilla of evidence in support of the non-movant's position is insufficient. *Anderson,* 477 U.S. at 252. To survive a motion for summary judgment, "a nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *Parks v. City of Horseshoe Bend, Arkansas,* 480 F.3d 837, 839 (8th Cir. 2007) (citation omitted). As stated in the rule, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." *Id.*

### 3. Discussion

In this case, Plaintiff brought suit against Defendant alleging a breach of Defendant's duty of fair representation in the handling of Plaintiff's grievance following his termination from the Company. ECF No. 1. A union's duty of fair representation derives from its status as the exclusive bargaining agent for the employer's employees. *Vaca v. Sipes*, 386 U.S. 171 (1967). A union breaches the duty of fair representation only if its conduct is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171,190 (1967).

For Plaintiff to prevail in his action, he must not only show Defendant breached their duty of fair representation, but also that his discharge by the company was in violation of the CBA. *Hines v. Anchor Motor Freight* , 424 U.S. 554, 570 (1976). In *Schiltz v. Burlington Northern R.R.*, 115 F.3d 1407, 1415 (8th Cir. 1997) the Eighth Circuit affirmed the district court's dismissal of the plaintiff's duty of fair representation claims because the plaintiff could not establish a breach of the CBA.

> "As already noted, the court has very limited power of review over arbitration awards. [cite omitted]. To begin to make a claim for breach of duty of fair representation arising out of a union's handling of a grievance, a plaintiff must demonstrate both that the underlying grievance has merit and that the union failed to fairly represent him. [cite omitted]. Here, the NRAB found against Schiltz on the merits of his contract claim. Since Schiltz's underlying grievance regarding the interpretation of the CBA lacked merit, TCU's duty to represent Schiltz was never breached."

Plaintiff does not dispute that he was specifically informed that he was expected to take the drug test if examined at the emergency room. Plaintiff then chose not to be examined at the emergency room. The Arbitrator considered this action to be a violation of the Company's policies that called for termination. There is also no dispute Plaintiff used and ingested his brother's prescription medication and reported for work, again in violation of the Company's policies that called for termination. The Arbitrator likewise found this conduct in violation of the Company's policy that warranted termination. Arbitrator Stephens ruled the Plaintiff violated the Company's Drug and Alcohol Policy by use of illegal drugs and refusal to be drug tested following a work related accident. ECF No. 52-28, Pg. 10.

Plaintiff argues the breach of contract claim can be established because: (1) he never had drugs in his possession or used them while on company business or on company premises; (2) he had taken the pill over eight hours before he reported to work and even the most powerful narcotic pill wears off in that amount of time and, (3) he did not refuse to take a drug test and he had made a deal with a Company representative to see his own doctor later that week. ECF No. 59, Pg. 3.

The arguments of Plaintiff fail to establish his discharge by the company was in violation of the CBA. This evidence was presented to the Arbitrator and as Plaintiff points out, he "understands the arbitrator ruled differently." ECF. No. 59, Pg. 4. More importantly, Plaintiff fails to offer

5

summary judgment proof that establishes a genuine issue of material fact on this issue that would allow a jury to find his termination by the Company was in violation of CBA.[2]

**4. Conclusion**

Based upon the foregoing, this Court recommends Defendant's Motion for Summary Judgment (ECF No.50) be **GRANTED** in its entirety.[3] This Court also recommends that judgment be entered against Plaintiff, and this case be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 3rd day of December, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] The Court also notes that Plaintiff filed suit against the Company in "Modica v. El Dorado Chemical Company, *et al.*" Case No. 04-CV-1104 (W.D. Ark. 2004).  This matter was dismissed by agreement of the parties with no finding that the Company had violated the CBA.

[3] Because the Court recommends dismissal for failure to show a genuine issue of fact regarding the claim of violation of the CBA, the Court does not address the remainder of Plaintiff's claims regarding the duty of fair representation.